# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GREGORY K. PARSONS § | |
| § | Civil Action No. 4:18-CV-65 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| TEXAS OFFICE OF THE ATTORNEY § | |
| GENERAL, ET AL. § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 8, 2018, the report of the Magistrate Judge (Dkt. #24) was entered containing proposed findings of fact and recommendations that the above-captioned action be remanded to the 62nd Judicial District Court, Lamar County, Texas. Having received the report of the Magistrate Judge, having considered Defendant Office of the Attorney General of Texas's Objection (Dkt. #26), Plaintiff's Response to Defendant's Objection (Dkt. #27), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report (Dkt. #24) should be adopted.

## RELEVANT BACKGROUND

The underlying facts of this case have been set forth previously; as such, the Court sets forth only those facts pertinent to Defendant's objections.

*Pro se* Plaintiff Gregory K. Parsons ("Plaintiff") filed suit against Defendants Texas Office of the Attorney General ("OAG") and Connie Copeland in the 62nd Judicial District Court of Lamar County, Texas on December 19, 2017 (Dkt. #2), requesting that the state court void his "finalized child support judgments, dating back to June 2009. . . based upon his 2010 VA apportionment denial decision" (Dkt. #9 at p. 2). Plaintiff asserts that the OAG and his former

spouse, Ms. Copeland, unlawfully assigned Plaintiff's VA benefits in ordering certain child support payments (Dkt. #1 at p. 2).

On January 25, 2018, the VA removed the instant suit to the Eastern District of Texas, Sherman Division, alleging that jurisdiction exists pursuant to 28 USC § 1442(a)(1), as the VA is a federal agency (Dkt. #1). The VA averred that on January 3, 2018, Plaintiff sent a state court petition and a state court citation directed to the VA (Dkt. #1 at p. 2); however, the VA also asserted in its Notice of Removal that "[t]he VA is not listed as a defendant" and "[n]o legal claims appear to be asserted against the VA" (Dkt. #1 at p. 2). Plaintiff conceded that he stated no claims against the VA and did not serve the VA. In his court filings, Plaintiff averred "[t]o be clear, Plaintiff has never alleged a legal claim against the Defendant VA. . . but has merely pleaded that Defendant VA lend him legal assistance."

On January 29, 2018, the VA filed a Motion to Dismiss, arguing that the VA should be dismissed because "[Plaintiff] has failed to identify a valid waiver of the VA's sovereign immunity from suit" (Dkt. #3 at p. 2). On February 22, 2018, Plaintiff filed a Motion to Remand (Dkt. #9), asking the Court to remand his case to the state court. The VA filed a response to Plaintiff's Motion to Remand on March 8, 2018, agreeing that this Court lacked jurisdiction because of the VA's sovereign immunity (Dkt. #11). The OAG thereafter filed a Motion for Judgment on the Pleadings, and argued that should the Court determine it lacked subject matter jurisdiction, it should dismiss (instead of remand) Plaintiff's claims (Dkt. #12).

On April 9, 2018, the Magistrate Judge convened a status conference to discuss the various procedural questions present in the case. At hearing, Plaintiff, while under oath, confirmed that he has no claims against the VA, and to the extent any claims were ever or could be construed to have been raised against the VA, such claims are dismissed. Plaintiff also requested permission

to withdraw his then-pending Motion to Remand, remain in federal court, and to file an amended complaint asserting federal claims for the first time. Plaintiff filed a motion to this effect on April 13, 2018 (Dkt. #17). On April 16, 2018, the OAG advised the Court that it did not oppose Plaintiff's Motion to Withdraw but did not consent to the Court's jurisdiction (Dkt. #18). On May 7, 2018, Plaintiff filed a Motion for Leave to File an Amended Complaint and attached his 118-page proposed amended complaint, wherein he seeks to add 25 new defendants and raise 39 new claims (Dkts. #19; #20).

On August 8, 2018, the Court granted Plaintiff's request to withdraw his Motion to Remand, but notwithstanding, recommended the instant case be remanded to the 62nd Judicial Court of Lamar County, Texas for lack of jurisdiction (Dkt. #24). On August 21, 2018, the OAG filed its Objection to the Report and Recommendation of the Magistrate Judge (Dkt. #26). On August 30, 2018, Plaintiff filed his Response to the OAG's Objection (Dkt. #27).

## OBJECTION TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

The Report and Recommendation found that the instant suit should be remanded because: (1) the Court lacks subject matter jurisdiction under § 1442, the provision under which the VA removed this action; (2) Plaintiff may not amend his complaint and subsequently create subject matter jurisdiction in this matter; and (3) even if Plaintiff's claims against the OAG are ultimately found to be barred by sovereign immunity, at this juncture, the Court finds that the proper procedural remedy is remand.

No party objects to the Magistrate Judge's conclusion that the Court lacks subject matter jurisdiction over this matter. Rather, the OAG objects to the Report and Recommendation only to the extent that it remands the claims against the OAG to state court, arguing it is futile to do so "because those claims are barred in state court by the OAG's sovereign immunity" (Dkt. #26 at p. 2). Plaintiff does not object to the Magistrate Judge's recommendation that this matter be remanded to the state court, and argues against dismissal of his claims against the OAG, specifically asserting that "no dismissal is appropriate when alleged barriers to suit in state court are questionable and insufficiently certain to render a remand futile" and that here "Plaintiff's declaratory-judgment claim is allowed" (Dkt. #27).

### *The Instant Suit Should be Remanded*

The OAG asserts that "[a]lthough the OAG found itself in this Court without its consent, the OAG asked this Court to dismiss it from Plaintiff's lawsuit, rather than remand. . . because it would be futile to remand claims against the OAG, which is immune from Plaintiff's suit in state court as well as in federal court" (Dkt. #26 at p. 2). Plaintiff asks that the "Court reject. . . the OAG's Objection. . . as it would be premature and deny [Plaintiff's] due process and redress" (Dkt. #27 at p. 11). The Report and Recommendation found that Plaintiff's claims against the OAG should be remanded, rather than dismissed, because:

> [C]ourts have found (contrary to the OAG's request) that remand remains appropriate, rather than dismissal, of removed claims against state defendants found barred by sovereign immunity. *See Bustillos v. El Paso County Hosp. Dist.*, EP-15-CV-311-PRM, 2016 WL 10589875, at *3 (W.D. Tex. Apr. 12, 2016) ("Thus, the Eleventh Amendment bars the claims against Defendant Texas Tech. Accordingly, the Court will remand the case to the state court from which it was removed.") (citing *Fent v. Okla.Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000) (recognizing that it is an error for a district court to dismiss the action rather than remanding when a defendant invokes the Eleventh Amendment immunity); *Bromwell v. Mich. Mut. Ins. Co.*, 115 F.3d 208, 214 (3d Cir. 1997); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 496–97 (6th Cir. 1999); *Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 48–49 (4th Cir. 1996); *Smith*

*v. Wis. Dept. of Agric., Trade, & Consumer Prot.*, 23 F.3d 1134, 1139–40 (7th Cir. 1994)). Accordingly, even if Plaintiff's claims against the OAG are indeed barred by sovereign immunity, the Court finds that the proper procedural remedy on the present record is remand.

(Dkt. #24 at pp. 19–20).

The OAG objects that this recommendation does not follow Fifth Circuit precedent and that the cases cited in the Report and Recommendation rely on law from other circuits which, unlike the Fifth Circuit, do not recognize the futility exception. The OAG further argues that *Bustillos v. El Paso County Hospital District*, an in-circuit case cited by the Magistrate Judge, does not address the futility exception but that application of "the futility doctrine would have been appropriate if it had been raised" (Dkt. #26 at p. 5).

Regardless of whether the Fifth Circuit applies the futility exception,[1] the Court agrees that it does not apply here for two reasons. "[F]ederal courts should not deem a remand futile if doing so would require the federal court to speculate on an issue of state law." *McAfee, Inc. v. Wilmer, Cutler, Pickering, Hale & Dorr, L.L.P.*, 4:08-CV-160, 2008 WL 3852704, at *4 (E.D. Tex. Aug. 14, 2008) (citing *Int'l Primate Protection League,* 500 U.S. at 89 (remanding, rather than dismissing, because the Court refused to speculate as to whether a party would be indispensable in state courts); *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dept. of Human Services*, 876 F.2d 1051, 1055 (1st Cir. 1989) (remanding, rather than dismissing, because the "fact that we believe a certain legal result *unlikely,* as a matter of state law, is not sufficient grounds for reading an exception into the absolute statutory words 'shall be remanded'") (emphasis in original)). With this in mind, the Court addresses each reason in turn.

---

[1] The futility exception to § 1447(c), "permits a district court to dismiss—rather than remand—an action when remand would be futile because the state court, too, lacks jurisdiction." *Hill v. United States*, 5:18-CV-21-DCB-MTP, 2018 WL 1902375, at *2 (S.D. Miss. Apr. 20, 2018) (citing *Boaz Legacy, L.P. v. Roberts*, 628 F. App'x 318, 319 (5th Cir. 2016); *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 787 (5th Cir. 1990); *In re Halo Wireless, Inc.*, 872 F. Supp. 2d 558, 563 (W.D. Tex. 2012)).

First, the OAG provides no authority where, after deciding it lacked subject matter jurisdiction, a federal court in this circuit dismissed, rather than remanded, similar claims on the basis of sovereign immunity. Rather, the cases cited by the OAG involve different issues and/or claims than those presently before the Court, and either fail to consider the futility exception or utilize the exception in circumstances that do not involve the assertion of sovereign immunity. The OAG cites four cases, each briefly discussed *infra*, in support of its contention that the Court should utilize the futility exception and dismiss (rather than remand) Plaintiff's claims against the OAG: (1) *In re Halo Wireless, Inc.*; (2) *Boaz Legacy, L.P. v. Roberts*; (3) *Nolan v. Boeing Co.*; and (4) *Digby v. U.S. Fid. & Guar. Co.* Consider in *In re Halo Wireless, Inc.*, 872 F. Supp. 2d 558, 565 (W.D. Tex. 2012), the court found that it was appropriate to remand rather than dismiss the case because "'[q]uestions of an agency's authority and jurisdiction have long been held by the courts to be particularly appropriate for initial agency determination.'" In *Boaz Legacy, L.P. v. Roberts*, 628 F. App'x 318, 320 (5th Cir. 2016), the Fifth Circuit affirmed the district court's dismissal (rather than remand) of the case because the local action doctrine regarding real property located in a different state barred adjudication of the case in both Texas federal and state courts. Further, in *Nolan v. Boeing Co.*, 919 F.2d 1058, 1070 (5th Cir. 1990), the Fifth Circuit utilized the doctrine of forum non conveniens to dismiss, rather than remand, because "[i]f this case were remanded to Louisiana state court, the defendants would be required to commence separate actions in the United Kingdom against British companies over whom the Louisiana courts would not have personal jurisdiction." Finally, in *Digby v. U.S. Fid. & Guar. Co.*, 239 F.2d 569, 571 (5th Cir. 1957), the Fifth Circuit, not mentioning the futility exception, dismissed a removed action for lack of jurisdiction in light of plaintiff's failure to comply with the requirements of the Texas Workmen's Compensation Act, Rev. Civ. Stat. Tex. art. 8307, § 5.

Second, the application of sovereign immunity doctrine under Texas state law to the instant facts are unclear given that Plaintiff has requested an opportunity to amend to assert new claims, add new parties, and correct pleading deficiencies, which the Court is without jurisdiction to consider (Dkt. #20). *Crimson Expl. Operating, Inc. v. State Mineral Bd. for Louisiana*, CV 09-319-SCR, 2009 WL 10679384, at *3 (M.D. La. Oct. 2, 2009) ("Before dismissing the plaintiff's complaint for lack of subject matter jurisdiction, the plaintiff should be given an opportunity to amend its complaint to name as a defendant a proper state official who satisfies the requirements of *Ex Parte Young*.").

There are exceptions to sovereign immunity. *See Daniels v. Texas Dep't of Transp.*, 4:15-CV-00702-CAN, 2016 WL 7034518, at *2 (E.D. Tex. Dec. 2, 2016). Here, Plaintiff is *pro se*; Plaintiff's existing complaint alleges an ongoing financial hardship created by orders of child support payments. In his current complaint he indicates that he seeks all relief available, which is not limited, as the OAG implies, to monetary damages. Indeed, Plaintiff's existing complaint states that "[t]he prospective relief also sought includes a formal court ruling regarding Plaintiff's Interlocutory Petition for Challenge for Declaratory Judgment to prevent future violations of Plaintiff's civil rights by inappropriate enforcement of the specified alleged § 154.062(b)(5) of the TFC" (Dkt. #2 at p. 91). Plaintiff's proposed amended complaint similarly states Plaintiff seeks both equitable and monetary relief and further identifies individual state actors of the OAG's office which participated in the allegedly offending conduct. Thus, while it is true that the Fifth Circuit recognizes the futility exception, where, as here, Plaintiff has not been permitted an opportunity to amend and his existing complaint seeks declaratory judgment, the Court declines to find that it is clear the state court lacks subject matter jurisdiction. That determination is better left to the state.

*See McAfee, Inc. v. Wilmer, Cutler, Pickering, Hale & Dorr, L.L.P.*, 4:08-CV-160, 2008 WL 3852704, at *5, n.4 (E.D. Tex. Aug. 14, 2008). This objection is overruled.

## CONCLUSION

Having considered Defendant's Objection (Dkt. #26), Plaintiff's Response (Dkt. #27) and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #24) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiff Gregory K. Parsons's case is hereby **REMANDED** to the 62nd Judicial District Court, Lamar County, Texas for further proceedings.

**IT IS SO ORDERED**.

**SIGNED this 21st day of December, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE